## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, as Personal
Representative of the Wrongful Death Estate
of ANTONIO GURULE JACOBS,

     Plaintiff,

v.

ESPERANZA SAIZ, in her individual capacity,
MICHELLE HERRERA, in her individual
capacity, and KIMBERLY CHAVEZ-BUIE,
in her individual capacity.

     Defendants.

Civ. Action No. 1:21-cv-00822 JFR/SCY

### ANSWER TO COMPLAINT FOR FEDERAL CIVIL RIGHTS VIOLATIONS

COME NOW Defendants Esperanza Saiz, in her individual capacity, Michelle Hererra, in her individual capacity, and Kimberly Chavez-Buie, in her individual capacity ("Defendants"), by and through their attorneys, Keleher & McLeod, P.A. (Sean Olivas and Chris R. Marquez), and hereby respond to Plaintiff's Complaint for Federal Civil Rights Violations ("Complaint"), as follows:

1.     In response to Paragraph 1 of the Complaint, Defendants admit that Antonio Jacobs died while in the legal custody of CYFD.  Defendants deny the balance of the allegations contained in Paragraph 1.

2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     Defendants admit the allegations contained in Paragraph 4 of the Complaint.

**THE PARTIES**

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Defendants admit that Defendant Chavez-Buie is a resident of New Mexico and employed by CYFD.  Defendants deny the balance of the allegations contained in Paragraph 8.

9.      In response to Paragraph 9 of the Complaint, Defendants admit that Defendant Chavez-Buie was responsible for the training, review, and supervision of her subordinates.  The balance of Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

10.      Paragraph 10 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

11.      Defendants admit the allegations contained in Paragraph 11 of the Complaint.

**JURISDICTION AND VENUE**

12.      Paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

13.      Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

14.     Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

## GENERAL ALLEGATIONS

*Methamphetamines and Its Impact on Parenting*

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and, therefore, deny the same.

17.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and, therefore, deny the same.

18.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and, therefore, deny the same.

19.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and, therefore, deny the same.

20.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint, and, therefore, deny the same.

21.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint, and, therefore, deny the same.

22.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint, and, therefore, deny the same.

23.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint, and, therefore, deny the same.

24.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint, and, therefore, deny the same.

25.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint, and, therefore, deny the same.

26.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint, and, therefore, deny the same.

27.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint, and, therefore, deny the same.

28.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint, and, therefore, deny the same.

29.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint, and, therefore, deny the same.

30.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint, and, therefore, deny the same.

31.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint, and, therefore, deny the same.

32.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint, and, therefore, deny the same.

*Barbara Gurule*

33.    Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants admit the allegations contained in Paragraph 35 of the Complaint.

*Antonio Gurule Jacobs*

36.    Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38.    In response to Paragraph 38 of the Complaint, Defendants admit that CYFD removed Antonio from Barbara Gurule

39.    Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint, and, therefore, deny the same.

41.    Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.    In response to the allegations contained in Paragraph 43 of the Complaint, Defendants admit that CYFD substantiated the September 2016 allegations and concluded that Barbara Gurule neglected Antonio, provided him with inadequate shelter, and abused drugs. Defendants are without sufficient information to admit or deny the balance of the allegations contained in Paragraph 43, and, therefore, deny the same.

44.    Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45.    The allegations contained in Paragraph 45 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

46.    Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, Defendants admit that Defendant Saiz's responsibilities included following the plan put in place and working toward potential reunification if such reunification was safe for Antonio.  Defendants deny the balance of the allegations contained in Paragraph 48.

49.     Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

57.     Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58.     In response to Paragraph 58 of the Complaint, Defendants admit that Defendant Saiz was responsible for documenting all of Barbara Gurule's urinalysis drug screenings and results and that it was important for Barbara Gurule was addressing the concerns about continued drug use and the safety threats it posed to Antonio.  Defendants deny the balance of the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 59 of the Complaint, and, therefore, deny the same.

60.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 60 of the Complaint, and, therefore, deny the same.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 62 of the Complaint, and, therefore, deny the same.

63.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 63 of the Complaint, and, therefore, deny the same.

64.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 64 of the Complaint, and, therefore, deny the same.

65.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 65 of the Complaint, and, therefore, deny the same.

66.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 66 of the Complaint, and, therefore, deny the same.

67.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 67 of the Complaint, and, therefore, deny the same.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 72 of the Complaint, and, therefore, deny the same.

73.     In response to Paragraph 73 of the Complaint, Defendants admit that Defendant Saiz knew Jeffrey Moody previously had criminal charges.  Defendants deny the balance of the allegations contained in Paragraph 73.

74.     In response to Paragraph 74 of the Complaint, Defendants admit that Defendant Saiz noted in the file that Barbara Gurule missed visits or had been late to visits with Antonio.  The balance of the allegations contained in Paragraph 74 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

75.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 75 of the Complaint, and, therefore, deny the same.

***First Trial Home Visit***

76.     In response to Paragraph 76 of the Complaint, Defendants deny that the trial home visit was supervised by Defendant Chavez-Buie.  Defendants admit the balance of the allegations contained in Paragraph 76.

77.     Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78.     In response to Paragraph 78 of the Complaint, Defendants admit that, at all material times, Antonio was in the legal custody of CYFD.  Defendants deny the balance of the allegations contained in Paragraph 78.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, Defendants admit that a goal and purpose of the Trial Home Visit was to assess and determine whether Barbara Gurule was able to

safely parent Antonio on a permanent basis.  Defendants deny the balance of the allegations contained in Paragraph 80.

81.     In response to Paragraph 81 of the Complaint, Defendants admit that CYFD was required to conduct home visits.  Defendants deny the balance of the allegations contained in Paragraph 81.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Paragraph 85 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

86.     In response to Paragraph 86 of the Complaint, Defendants deny that Defendant Chavez-Buie was required to address unsafe situation.  Defendants admit the balance of allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants admit the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 94 of the Complaint, and, therefore, deny the same.

95.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 95 of the Complaint, and, therefore, deny the same.

96.     Defendants admit the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants admit the allegations contained in Paragraph 97 of the Complaint.

***Trial Home Visit Disruption***

98.     Defendants admit the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants admit the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants admit the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants admit the allegations contained in Paragraph 101 of the Complaint as related to Defendants Saiz and Herrera.  Defendants deny the balance of the allegations contained in Paragraph 101.

102.    Defendants admit the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants admit the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 104 of the Complaint, and, therefore, deny the same.

105.    Defendants admit the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants admit the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants admit the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 108 of the Complaint, and, therefore, deny the same.

109.    Defendants admit the allegations contained in Paragraph 109 of the Complaint as related to Defendants Saiz and Herrera.  Defendants deny the balance of the allegations contained in Paragraph 109.

110.    Defendants admit the allegations contained in Paragraph 110 of the Complaint as related to Defendants Saiz and Herrera.  Defendants deny the balance of the allegations contained in Paragraph 110.

111.    Defendants admit the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants admit the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants admit the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 114 of the Complaint, and, therefore, deny the same.

115.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 115 of the Complaint, and, therefore, deny the same.

116.    In response to Paragraph 116 of the Complaint, Defendants admit that the March 9, 2018 was documented on September 10, 2018.  The balance of the allegations contained in Paragraph 116 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

117.    The allegations contained in Paragraph 117 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

11

118.    The allegations contained in Paragraph 118 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

119.    Defendants admit the allegations contained in Paragraph 119 of the Complaint.

120.    In response to Paragraph 120 of the Complaint, Defendants admit that they did not conduct a new formal safety assessment at the March 9, 2018 meeting.  Defendants deny the balance of the allegations contained in Paragraph 120 of the Complaint.

121.    The allegations contained in Paragraph 121 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

122.    In response to Paragraph 122 of the Complaint, Defendants admit that Defendant Saiz received a copy of the neuropsychological report from Dr. Montoya's assessment of Barbara Gurule.  The balance of the allegations contained in Paragraph 122 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

123.    The allegations contained in Paragraph 123 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

124.    Defendants admit the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants admit the allegations contained in Paragraph 125 of the Complaint.

*Second Trial Home Visit*

126.    In response to Paragraph 126 of the Complaint, Defendants admit that they approved a second Trial Home Visit with Barbara Gurule.  Defendants deny the balance of the allegations contained in Paragraph 126.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants admit the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants admit the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 134 of the Complaint, and, therefore, deny the same.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants admit the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants admit the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 138 of the Complaint, and, therefore, deny the same.

139.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 139 of the Complaint, and, therefore, deny the same.

140.    Defendants admit the allegations contained in Paragraph 140 of the Complaint as related to Defendants Saiz and Herrera. Defendants deny the balance of the allegations contained in Paragraph 140.

141.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 141 of the Complaint, and, therefore, deny the same.

142.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 142 of the Complaint, and, therefore, deny the same.

143.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 143 of the Complaint, and, therefore, deny the same.

144.    Defendants admit the allegations contained in Paragraph 144 of the Complaint.

145.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 145 of the Complaint, and, therefore, deny the same.

146.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 146 of the Complaint, and, therefore, deny the same.

147.    In response to Paragraph 147, Defendants admit that, on at least one occasion, Barbara Gurule relied upon Jeffrey Moody to care for Antonio during the second Trial Home Visit.

148.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 148 of the Complaint, and, therefore, deny the same.

149.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 149 of the Complaint, and, therefore, deny the same.

150.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 150 of the Complaint, and, therefore, deny the same.

151.    In response to Paragraph 151 of the Complaint, Defendants admit that Defendants Saiz and Herrera filed a report with the Court.    The balance of the allegations contained in Paragraph 151 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

152.    The allegations contained in Paragraph 152 of the Complaint refer to documents which speak for themselves.    Defendants deny the allegations to the extent that they are inconsistent with such documents.

153.    The allegations contained in Paragraph 153 of the Complaint refer to documents which speak for themselves.    Defendants deny the allegations to the extent that they are inconsistent with such documents.

154.    The allegations contained in Paragraph 152 of the Complaint refer to documents which speak for themselves.    Defendants deny the allegations to the extent that they are inconsistent with such documents.

155.    Defendants admit the allegations contained in Paragraph 155 of the Complaint as related to Defendants Saiz and Herrera.  Defendants deny the balance of the allegations contained in Paragraph 155.

156.    Defendants admit the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants admit the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    In response to Paragraph 159 of the Complaint, Defendants deny that Defendant Saiz was aware of the outstanding warrant.  Defendants are without sufficient information to admit or deny the balance of the allegations contained in Paragraph 159, and, therefore, deny the same.

160.    Defendants admit the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 161 of the Complaint, and, therefore, deny the same.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    Defendants admit the allegations contained in Paragraph 164 of the Complaint.

165.    Defendants admit the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 166 of the Complaint, and, therefore, deny the same.

167.    Defendants admit the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 168 of the Complaint, and, therefore, deny the same.

169.    The allegations contained in Paragraph 169 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

170.    Defendants admit the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants admit the allegations contained in Paragraph 171 of the Complaint.

172.    In response to Paragraph 172 of the Complaint, Defendants admit that Defendant Saiz did not enter the visit into FACTS until September 11, 2018, but deny that the visit was not documented.  The balance of the allegations contained in Paragraph 172 refer to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

173.    The allegations contained in Paragraph 173 of the Complaint refer to documents which speak for themselves.    Defendants deny the allegations to the extent that they are inconsistent with such documents.

174.    Defendants admit the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants admit the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants admit the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180.    Defendants admit the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants admit the allegations contained in Paragraph 181 of the Complaint.

182.    Defendants admit the allegations contained in Paragraph 182 of the Complaint.

183.    Defendants admit the allegations contained in Paragraph 183 of the Complaint.

184.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 184 of the Complaint, and, therefore, deny the same.

185.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 185 of the Complaint, and, therefore, deny the same.

186.    Defendants admit the allegations contained in Paragraph 186 of the Complaint.

187.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 187 of the Complaint, and, therefore, deny the same.

188.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 188 of the Complaint, and, therefore, deny the same.

189.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 189 of the Complaint, and, therefore, deny the same.

190.    Defendants admit the allegations contained in Paragraph 190 of the Complaint.

191.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 191 of the Complaint, and, therefore, deny the same.

192.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 192 of the Complaint, and, therefore, deny the same.

193.    Defendants admit the allegations contained in Paragraph 193 of the Complaint.

194.    Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.    In response to Paragraph 195 of the Complaint, Defendants admit that Defendant Saiz met with Barbara Gurule in her home on August 9, 2018.  Defendants are without sufficient information to admit or deny the balance of the allegations contained in Paragraph 195, and, therefore, deny the same.

196.    Defendants admit the allegations contained in Paragraph 196 of the Complaint.

197.    Defendants admit the allegations contained in Paragraph 197 of the Complaint.

198.    Defendants admit the allegations contained in Paragraph 198 of the Complaint.

199.    Defendants admit the allegations contained in Paragraph 199 of the Complaint.

200.    In response to Paragraph 200 of the Complaint, Defendants admit that Defendant Saiz was unable to examine the entire home because a bedroom door was locked.  Defendants deny the balance of the allegations contained in Paragraph 200.

201.    Defendants admit the allegations contained in Paragraph 201 of the Complaint.

202.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 202 of the Complaint, and, therefore, deny the same.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.    Defendants admit the allegations contained in Paragraph 204 of the Complaint.

205.    Defendants admit the allegations contained in Paragraph 205 of the Complaint.

206.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 206 of the Complaint, and, therefore, deny the same.

207.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 207 of the Complaint, and, therefore, deny the same.

208.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 208 of the Complaint, and, therefore, deny the same.

209.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 209 of the Complaint, and, therefore, deny the same.

210.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 210 of the Complaint, and, therefore, deny the same.

211.    Defendants admit the allegations contained in Paragraph 211(a)-(b) of the Complaint.  Defendants deny the balance of the allegations contained in Paragraph 211.

212.    Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.    Defendants deny the allegations contained in Paragraph 213 of the Complaint.

*Antonio's Death*

214.    Defendants admit the allegations contained in Paragraph 214 of the Complaint.

215.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 215 of the Complaint, and, therefore, deny the same.

216.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 216 of the Complaint, and, therefore, deny the same.

217.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 217 of the Complaint, and, therefore, deny the same.

218.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 218 of the Complaint, and, therefore, deny the same.

***Law Enforcement and CYFD Investigation of Antonio's Death***

219.    Defendants admit the allegations contained in Paragraph 219 of the Complaint.

220.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 220 of the Complaint, and, therefore, deny the same.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 222 of the Complaint, and, therefore, deny the same.

223.    Paragraph 223 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

224.    Paragraph 224 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

225.    Paragraph 225 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

226.    Paragraph 226 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

227.    Defendants admit the allegations contained in Paragraph 227 of the Complaint.

228.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 228 of the Complaint, and, therefore, deny the same.

229.    Defendants admit the allegations contained in Paragraph 229 of the Complaint.

230.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 230 of the Complaint, and, therefore, deny the same.

***Defendants Saiz and Herrera's Records Relating to Antonio***

231.    Defendants admit the allegations contained in Paragraph 231 of the Complaint.

232.    Defendants admit the allegations contained in Paragraph 232 of the Complaint.

233.    Defendants deny the allegations contained in Paragraph 233 of the Complaint.

234.    Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.    In response to Paragraph 235 of the Complaint, Defendants admit that Defendants Saiz and Herrera destroyed handwritten notes after they were entered into FACTS.  Defendants deny the balance of the allegations contained in Paragraph 235.

236.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 236 of the Complaint, and, therefore, deny the same.

237.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 237 of the Complaint, and, therefore, deny the same.

238.    Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239.    Defendants deny the allegations contained in Paragraph 239 of the Complaint.

240.    In response to Paragraph 240 of the Complaint, Defendants admit Defendant Chavez-Buie authorized the destruction of hand-written notes after they were entered into the FACTS system.  Defendants deny the balance of the allegations contained in Paragraph 240 and the implication of any impropriety.

241.    Paragraph 241 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

242.    Paragraph 242 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

243.    Paragraph 243 refers to documents which speak for themselves.  Defendants deny the allegations to the extent that they are inconsistent with such documents.

244.    Defendants deny the allegations contained in Paragraph 244 of the Complaint.

## Count I

### Civil Rights Claim Against Defendants Saiz, Hererra, and Chavez-Buie – Special Relationship – Failure to Protect

245.    Defendants restate and reincorporate their answers to Paragraphs 1 through 244 of Plaintiffs' Complaint as though fully set forth herein.

246.    Paragraph 246 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

247.    Defendants admit the allegations contained in Paragraph 247 of the Complaint.

248.    In response to Paragraph 248 of the Complaint, Defendants admit that they were employees of CYFD.  Defendants deny the balance of the allegations contained in Paragraph 248 of the Complaint.

249.    In response to Paragraph 249 of the Complaint, Defendants admit that CYFD had exclusive authority, pursuant to the New Mexico Children's Code and state regulations, to determine the placement where Antonio would live.    Defendants deny the balance of the allegations contained in Paragraph 249.

250.    In response to Paragraph 250 of the Complaint, Defendants admit that CYFD had exclusive authority and were required to ensure Antonio's safety, permanency and well-being. Defendants deny the balance of the allegations contained in Paragraph 250.

251.    Defendants admit the allegations contained in Paragraph 251 of the Complaint.

252.    Defendants admit the allegations contained in Paragraph 252 of the Complaint.

253.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 253 of the Complaint, and, therefore, deny the same.

254.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 254 of the Complaint, and, therefore, deny the same.

255.    Defendants deny the allegations contained in Paragraph 255 of the Complaint.

256.    Defendants deny the allegations contained in Paragraph 256 of the Complaint.

257.    Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258.    Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259.    Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260.    Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261.    Defendants deny the allegations contained in Paragraph 261 of the Complaint.

262.    Defendants admit the allegations contained in Paragraph 262 of the Complaint.

263.    In response to Paragraph 263 of the Complaint, Defendants admit that Defendants Saiz and Herrera were expected to enter documentation into the FACTS case file within the month. The balance of Paragraph 263 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

264.    Paragraph 264 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

265.    Defendants deny the allegations contained in Paragraph 265 of the Complaint.

266.    Defendants deny the allegations contained in Paragraph 266 of the Complaint.

267.    Defendants deny the allegations contained in Paragraph 267 of the Complaint.

268.    Defendants deny the allegations contained in Paragraph 268 of the Complaint.

269.    Defendants deny the allegations contained in Paragraph 269 of the Complaint.

270.    Defendants deny the allegations contained in Paragraph 270 of the Complaint.

271.    Defendants deny the allegations contained in Paragraph 271 of the Complaint.

272.    Defendants deny the allegations contained in Paragraph 272 of the Complaint.

273.    Defendants deny the allegations contained in Paragraph 273 of the Complaint.

274.    Defendants deny the allegations contained in Paragraph 274 of the Complaint.

275.    Defendants deny the allegations contained in Paragraph 275 of the Complaint.

276.    Defendants deny the allegations contained in Paragraph 276 of the Complaint.

277.    Defendants deny the allegations contained in Paragraph 277 of the Complaint.

278.    Defendants deny the allegations contained in Paragraph 278 of the Complaint.

279.    Defendants deny the allegations contained in Paragraph 279 of the Complaint.

280.    Defendants deny the allegations contained in Paragraph 280 of the Complaint.

281.    The allegations contained in Paragraph 281 are a request for relief to which no response is required.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Defendants are entitled to qualified immunity.

3.    The Complaint seeks to impose duties on Defendant that are not required by law.

4.    Plaintiff's damages, if any, were proximately caused by an independent intervening cause for which Defendant is not liable.

5.    The sole and proximate causes of any damages to Plaintiff, if they exist, were caused by other intentional or negligence acts, and Plaintiff's damages, if any, must be reduced proportionately.

6.    The Complaint is barred by the doctrine of res judicata.

7.    The Complaint is barred by the doctrine of collateral estoppel.

8.    Defendants reserve the right to amend this Answer to add additional applicable defenses as discovery proceeds.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint for Federal Civil Rights Violations be dismissed with prejudice and that they recover their costs incurred herein, and for such other and further relief as may be just and proper.

Respectfully submitted,

KELEHER & McLEOD, P.A.

By: */s/ Chris R. Marquez*
Sean Olivas
Chris R. Marquez
P.O. Box AA

25

Albuquerque, NM  87103
Tel: (505) 346-4646
Fax: (505) 346-1370
so@keleher-law.com
cm@keleher-law.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed, via the Court's electronic filing system, and thus was served to all parties of record on this 22nd day of October, 2021.

*/s/ Chris R. Marquez*
Chris R. Marquez

4821-7314-8671, v. 1